UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASHLEY JAMAL HARRIS | CIVIL ACTION |
| VERSUS | NO: 2:23-cv-00003 |
| DY. CHAISSON, TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX, AND RHONDA LEDET | SECTION: "E" (4) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that this matter can be resolved without an evidentiary hearing.

I.  **Factual Background/Procedural History**

Plaintiff Ashley Jamal Harris ("Harris" or "Plaintiff") is a pretrial detainee housed in Terrebonne Parish Criminal Justice Complex ("TPCJC") and filed this suit *pro se* pursuant to 42. U.S.C. § 1983 against Defendants Deputy Dy. Chaisson ("Chaisson"), Terrebonne Parish Criminal Justice Complex, Terrebonne Parish Criminal Justice Complex Warden Rhonda Ledet ("Ledet" or "Warden"). R. Doc. 10. Harris was arrested on June 30, 2022, on pending warrants. *Id*. Due to the Covid-19 pandemic, Harris was given a mask at booking that he alleges had been altered to remove the metal nasal guard. *Id*. He contends he was then placed in an intake dorm with inmates that had tested positive for Covid-19 and as a result, he alleges that he contracted the virus. *Id.*

Although not clearly stated in the complaint, the Plaintiff contends prison officials acted with deliberate indifference to him and his medical needs when they gave him a mask without a metal nasal guard during his booking in the midst of the COVID-19 Pandemic. *Id*. Further, he argues the deliberate indifference to his medical needs led to his placement in inhumane conditions of confinement and resulted in him contracting the virus. *Id.* Harris seeks relief of $10,000,000 for civil malpractice and deprivation of

his Eighth and Fourteenth Amendment constitutional rights against the prison and the prison officials *Id*. He further alleges that Terrebonne Parish Criminal Justice Complex, Deputy Chaisson, and Warden Ledet are all liable for these constitutional violations and they should be held responsible for the deprivation of his rights. *Id.*

### II.     Standard of Review

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The court has a broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

Therefore, the Court must determine whether the Plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-177 (5th Cir. 1995); *Moor v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992). "To prevent such abusive or captious litigation, 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" *Neitzke*, 490 U.S. at 324. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Id*. at 325; *Parker v. Carpenter*, 978 F.2d 190, 191 n.1, 192 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc*., 964 F.2d 465, 468

(5th Cir. 1992). A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton,* 504 U.S .at 33.

### III. Analysis

#### A. Deputy Chaisson

Harris has named Deputy Chaisson as a Defendant in this matter. R. Doc. 10. The Plaintiff contends that the Deputy, along with the other Defendants, were involved or responsible for the deliberate indifference to his medical needs and inhumane confinement conditions when he received a mask without a metal nasal guard in order to protect him from the spread of the Covid-19 pandemic at his booking in 2022. *Id*. However, the Plaintiff does not allege any specific conduct by Deputy Chaisson nor does he allege any injury as a result of Chaissons conduct to show the Deputies involvement in the Plaintiffs alleged constitutional violation.

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under the color of state law. 42. U.S.C. (§) 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any right secured by the constitution and laws of the United States. 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs*., 98 S.Ct 2018 (1978). Section 1983 is not a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere. *Olabisiomotosho v. City of Houston.*, 185 F.3d 521, 525 n. 3 (5th Cir. 1999).

For a claim of inadequate medical care to be cognizable under § 1983, a pretrial detainee or convicted state prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297, 115 L. Ed. 2d 271, 111 S. Ct. 2321 (1991); *Gamble*, 429 U.S. at 107; *Hare*, 74 F.3d at 648; *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Deliberate indifference under either an Eighth Amendment or Fourteenth Amendment analysis

of inadequate medical care requires a showing of "subjective recklessness" as used in criminal law. *Farmer*, 114 S. Ct. at 1980; *Hare*, 74 F.3d at 648; *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994)

"There is no doubt that infectious diseases generally, and COVID-19 specifically, can pose a risk of serious or fatal harm to prison inmates." *Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020). However, "in evaluating a prison's response [to the COVID-19 pandemic], deliberate indifference cannot be inferred from a negligent or even grossly negligent response to a substantial risk of serious harm." *Valentine v. Collier*, 993 F.3d 270, 281 (5th Cir. 2021) (quoting *Thompson v. Upshur Cnty. Tex.*, 245 F.3d 447, 459 (5th Cir. 2001) and citing *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020)). "It requires a showing of wanton disregard for the prisoner's safety or recklessness." Id. (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2001)). The focus of the inquiry is whether the prison official "recklessly responded to the risk of COVID-19" and "subjectively knew of substantial risks of harm" to the Plaintiff. *Id*. at 282. As long as the Defendants too reasonable measures "to abate and control the spread of the virus," Plaintiff's claims are frivolous. *Valentine*, 956 F.3d at 802.

Plaintiff's claims are frivolous because Harris fails to allege conduct by Chaisson to show he subjectively knew of substantial risks of harm to the Plaintiff and that Chaisson failed to take reasonable measures "to abate and control the spread of the virus". *Valentine*, 956 F.3d at 802. Deliberate indifference cannot be inferred from the alleged negligent behavior and Harris fails to allege a wanton disregard for his safety resulting from the June 30, 2022, incident. Similarly, he failed to alleged claims or facts to show Defendants had subjective knowledge of the risk posed when they gave him mask lacking a metal nose guard and placed him in the intake dorm at his booking. For the reasons articulated above, Ashley Jamal Harris's (Plaintiff) § 1983 claims should be dismissed pursuant to 28 U.S.C. § 1915A as frivolous and otherwise for failure to state a claim which relief can be granted.

### B. Terrebonne Parish Criminal Justice Complex

The Plaintiff named Terrebone Parish Criminal Justice Complex as Defendant in this suit. R. Doc. 10. Harris contends that the Terrebone Parish Criminal Justice Complex should be held responsible for him

receiving an insufficient mask for protection from Covid-19 which he believes contributed to him contracting the virus. *Id*.

Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." According to Fed.R.Civ.P. 17(b), Louisiana law governs whether the sheriff's office or the jail are suable entities. Under Louisiana law, to possess capacity, an entity must qualify as "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Under federal law, a county prison facility is not a "person" within the meaning of the statute. *Cullen v. DuPage County*, No. 99-c-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Admin.*, No. 97-0420, 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).

Thus, the Terrebonne Parish Criminal Justice Complex which is a parish prison, is not a proper defendant because it lacks capacity to sue or be sued as required by Rule 17(b) of the Federal Rules of Civil Procedure. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b).

Jails are not "legally empowered to do" anything independently of either the respective Parish officials or the Parish Sheriff. *See Roberts v Sewerage Water Board.*, 634 So. 2d at 347. The prison or jail is not a separate entity, but merely a shared branch or facility of these greater entities. Moreover, Terrebonne Parish Criminal Justice Complex is an improper Defendant and "not an entity, but a building." *See Jones v. St. Tammany Jail*, 4 F.Supp.2d 606, 613 (E.D.La.1998) (dismissing the St. Tammany Parish Jail with prejudice); *accord Dale v. Bridges*, No. 3:96–CV–3088–AH, 1997 WL 810033 at *1 n. 1 (N.D.Tx. Dec. 22, 1997) (Dallas County Jail is not a juridical entity capable of being sued).

As such, the claims against Terrebonne Parish Criminal Justice Complex are therefore frivolous and otherwise fails to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

### C. Warden Rhonda Ledet

Harris has named Warden Rhonda Ledet as Defendant in the instant matter. R. Doc. 10. Harris contends that Warden Ledet is vicariously liable for the alleged misconduct by the other Defendants that led to him being placed in an intake dorm with a mask insufficient for protection from Covid 19 that led to him contracting the virus. *Id*.

It is well-settled in this Circuit that "[u]nder [section] 1983, officials are not vicariously liable for the conduct of those under their supervision." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citing *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992)). Instead, supervisory officials will be personally liable "only if: (i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) they implement unconstitutional policies that causally result in plaintiff's injury." *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996) (citing *Mouille*, 977 F.2d at 929).

In this case, the Plaintiff has failed to allege that in her official capacity, Warden Ledet participated in, directed, or had knowledge of the alleged unconstitutional conduct. *See e.g. Jones v. St. Tammany Parish Jail*, 4. F.Supp.2d 606, 613 (E.D.La.1998). Further, Harris fails to allege or imply any conduct at all by the Warden to hold her liable in her individual capacity. In addition, nor does he allege any claims to show (i) Ledet affirmatively participated in the acts that caused the alleged constitutional deprivations; or (ii) She implemented unconstitutional policies that causally resulted in Harris's injury for the purposes of section 1983 liability. *Baker,* 75 F.3d at 199 (citing *Mouille*, 977 F.2d at 929).

In conclusion, there is no vicarious liability under section 1983 for Warden Ledet. *See Thompkins v. Belt,* 828 F.2d 298, 303–04 (5th Cir.1987) (citing *Harvey v. Andrist,* 754 F.2d 569, 572 (5th Cir.), *cert. denied,* 471 U.S. 1126, 105 S.Ct. 2659, 86 L.Ed.2d 276 (1985)). Accordingly, the Court will dismiss the plaintiff's claims under § 1983 against the Defendants in their individual and official capacities.

## IV.     Conclusion and Recommendation

Accordingly,

**IT IS RECOMMENDED** that Harris's § 1983 claims against Defendant Deputy Dy Chaisson, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief pursuant to 28. U.S.C. (§)(§) 1915 and 1915A, and 42 U.S.C. (§) 1997e.

**IT IS FURTHER RECOMMENDED** that Harris's § 1983 claims against Defendant Terrebonne Parish Criminal Justice Complex be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief against an improper Defendant pursuant to 28. U.S.C. (§)(§) 1915 and 1915A, and 42 U.S.C. (§) 1997e.

**IT IS FURTHER RECOMMENDED** that Harris's § 1983 claims against Defendant Terrebone Parish Criminal Justice Complex Warden Rhonda Ledet, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief pursuant to 28. U.S.C. (§)(§) 1915 and 1915A, and 42 U.S.C. (§) 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 12th day of July 2023.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**