## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ASHLEY JAMAL HARRIS**                           **CIVIL ACTION**

**VERSUS**                                        **NO. 2:23-cv-00003**

**DY. CHAISSON, TERREBONNE**                      **SECTION: "E" (4)**
**PARISH CRIMINAL JUSTICE**
**COMPLEX, AND RHONDA LEDET**


### ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Karen Wells Roby, recommending Plaintiff Ashley Jamal Harris's § 1983 claims against Deputy Deputy Chaisson, Terrebonne Parish Criminal Justice Complex, and Terrebonne Parish Criminal Justice Complex Warden Rhonda Ledet[2] be dismissed with prejudice. Plaintiff timely objected to the Magistrate Judge's Report and Recommendation.[3] For the reasons below, the Court **ADOPTS** the Report and Recommendation as its own and hereby **DENIES** Plaintiff's application for relief.

### BACKGROUND

The detailed facts underlying this case are provided in the Magistrate's Report and Recommendation[4] and need not be repeated here. However, a general summary of the facts is useful for the resolution of this case.

Plaintiff filed the instant complaint on April 28, 2023.[5] Plaintiff is a pretrial detainee in Terrebonne Parish, he claims that on June 30, 2022, he was arrested and

---

[1] R. Doc. 12.
[2] R. Doc. 10.
[3] R. Doc. 13.
[4] R. Doc. 12.
[5] R. Doc. 10.

booked into the Terrebonne Parish Criminal Justice Complex,[6] at which time, he was given a Covid-19 facemask from which the metal nosepiece had been removed.[7] He was then placed into an intake dormitory where other individuals had Covid-19.[8] Plaintiff alleges he contracted the disease because of his defective facemask and being placed into contact with other individuals who had Covid-19.[9] Plaintiff filed suit against Deputy Chaisson, a deputy at the Terrebonne Parish Criminal Justice Complex; Rhonda Ledet, the Warden at the Terrebonne Parish Criminal Justice Complex; and the Terrebonne Parish Criminal Justice Complex as a whole.[10] Plaintiff's seeks $10,000,000.00 and to "hold those responsible."[11]

Magistrate Judge Roby filed her Report and Recommendation on July 12, 2023.[12] The Magistrate Judge states that "[a]lthough not clearly stated in the complaint, the Plaintiff contends prison officials acted with deliberate indifference to him and his medical needs when they gave him a mask without a metal nasal guard during his booking in the midst of the Covid-19 Pandemic."[13] The Magistrate Judge analyzed Plaintiff's §1983 claim to determine whether it was frivolous, meaning it lacked an arguable basis either in law or in fact.[14] Magistrate Judge Roby first analyzed Plaintiff's claims against Deputy Chaisson, concluding that "Plaintiff's claims are frivolous because Harris fails to allege conduct by Chaisson to show he subjectively knew of substantial risks of harm to the Plaintiff and that Chaisson failed to take reasonable measures 'to abate and control the

---

[6] *Id.* at p. 4.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at p. 5.
[12] R. Doc. 12.
[13] *Id.* at p. 1.
[14] *Id.* at p. 2.

spread of the virus.'"[15] Thus, the Magistrate Judge concluded under Plaintiff's §1983 claim against Deputy Chaisson failed.[16]

Second, the Magistrate Judge concluded the Terrebonne Parish Justice Complex is not a proper defendant. The Magistrate Judge concluded that Federal Rule of Civil Procedure 17(b) provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."[17] Thus, Louisiana law dictates that in order to be sued within the meaning of Louisiana Civil Code art. 24, an entity must qualify as a "juridical person."[18] Continuing her analysis, Magistrate Judge Roby concludes that under federal law a county prison facility is not a "person," meaning that it does not meet the definition required under Article 24.[19] Thus, the Terrebonne Parish Criminal Justice Complex, is not a proper defendant because it lacks the capacity to sue or be sued, as required by the Federal Rule of Civil Procedure 17(b).[20]

Finally, the Magistrate Judge concluded that Plaintiff's claims against Warden Rhonda Ledet lacked merit because Plaintiff failed to allege that, "in her official capacity, Warden Ledet participated in, directed, or had knowledge of the alleged unconstitutional conduct," a requirement to find a superior vicariously liable under a §1983 claim.[21]

## LEGAL STANDARD

In reviewing the Magistrate Judge's Report and Recommendation, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party

---

[15] *Id.* at p. 4.
[16] *Id.*
[17] Fed. R. Civ. P. 17(b).
[18] La. Civ. Code art. 24.
[19] *Id.* at p. 5; La. Civ. Code art. 24.
[20] R. Doc. 12 at p. 5.
[21] *Id.* at p. 6.

has specifically objected.[22] As to the portions of the report not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[23] A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[24] The magistrate judge's legal conclusions are contrary to law when the magistrate judge misapplies case law, a statute, or a procedural rule.[25]

## LAW AND ANALYSIS

Plaintiff's sole objection to the Magistrate Judge's Report and Recommendation is that he "did not understand why [Plaintiff] was being asked to object, but [Plaintiff] objects."[26]

Courts in the Fifth Circuit have recognized, "[i]n order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific."[27]

---

[22] *See* 28 U.S.C. § 636(b)(1)(C) (2018) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[23] *Id.* § 636(b)(1)(A).
[24] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).
[25] *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *see also Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016) ("A legal conclusion is contrary to law when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure.") (internal quotation marks and citation omitted).
[26] R. Doc. 13.
[27] *Peterson v. Day*, No. 21-2027, 2022 WL 16758322, at *2 (E.D. La. Nov. 8, 2022) (quoting *Stone v. Director, TDCJ-CID*, No. 3:22-cv-512-M-BN, 2022 WL 980792, at *3 (N.D. Tx. March 7, 2022)).

Plaintiff's sole statement that he "objects" is insufficient to warrant de novo review. Plaintiff fails to discuss the Magistrate Judge's findings, let alone object to a specific finding she made.[28] Accordingly, the Court reviews the Magistrate Judge's findings on his claim of § 1983 violations under a clearly erroneous or contrary to law standard. The Magistrate Judge's findings are not clearly erroneous or contrary to law.

## <u>CONCLUSION</u>

For the reasons stated above, the Court adopts Magistrate Judge Karen Wells Roby's Report and Recommendation.[29]

**IT IS ORDERED** that the above-captioned matter be **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 18th day of August, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[28] R. Doc. 13.
[29] R. Doc. 12.

5